Minshall, J.
The claim of the defendant in error, that he is entitled to a priority on the Schuler mortgage over that of Dodd, is placed on two grounds.
1. That the judgment assigned to him by the Schulers carried with it their lien for the purchase-money of the mortgaged property, o'f which, ho claims, Dodd had notice.
2. That the Schuler mortgage is, without any reformation by the court, a valid one. Being persuaded that the latter claim is correct, it is unnecessary to consider the former one-.
It is a well settled principle, applicable to the construction of deeds and other instruments, that all their parts are to bo construed together, and the meaning ascertained from a consideration of each and every part; and, in the application of this rule, it is uniformly held that a false description, whether of the subject-matter or of the parties, does not vitiate the instrument where the error appears upon its *176 face and the instrument supplies within itself the means of making the correction.
This principle was applied in Poland v. Connolly, 16 Ohio St. 65, to a misdescription of the property in a resolution for the abatement of a nuisance on real estate; in Milford & C. Turnpike Co. v. Brush, 10 Ohio, 111, to a misdescription of the corporation in a subscription to its stock; in Fosdick v. Village of Perrysburg, 14 Ohio St. 473, to a misdescription of the obligor of a bond, it being described as “the town,” instead of “ the incorporated village, of Perrysburg;” and in Hitesman v. Donnell, 40 Ohio St. 287, the name of thegra.ntee, to whom the conveyance was intended to be made as trustee, was left blank, but the instrument, a trust mortgage, containing within itself all that was necessary to indicate how the blank should be filled, the court held that it created a valid lien on the lands as a mortgage from the date of its filing for record.
In the case now under review the mortgagor, with his own hand, signed his name to the instrument as “ Charles A. Clark” and sealed it, and his wife, likewise, signed her name as “ Sarah Clark” and sealed it. In the certificate of acknowledgment the officer certifies that “the above-named grantors” personally came before him and acknowledged the signing and sealing of the same; but, through a mistake of the scrivener, the one is described as Charles B. and the other as Mary Clark, and similar errors occur in the body of the deed; but in all instances Charles B. Clark is further described as the grantor and Mary Clark as his wife. In a note to section 63 of Jones on Mortgages it is said, by the author, that the signature of the grantor or mortgagor fixes the actual identity of the party. So that there is no want of certainty as to the grantors in the deed; they are Charles A. Clark and Sarah Clark, his wife, and any errors occurring in the name of either, in other parts of the instrument, are corrected by their signatures to it.
The question presented here is very different from that where an error occurs in the execution of the instrument. The formalities required in the execution of a mortgage are *177 prescribed by statute, and can not be dispensed with. To be a valid instrument, as against third persons, a mortgage must be signed, sealed, and acknowledged as required by statute. But the form of the instrument is not so prescribed. The form and requisite certainty of it is left to the general rules of law. Hurd v. Robinson, 11 Ohio St. 232. It is observed by Gholson, J.,in delivering the opinion that “the inconvenience-that may occasionally arise to third persons from uncertainty of description is more sufferable than the gross injustice which would be frequently inflicted by a stringent rule as to certainty.”
And in Strang v. Beach, 11 Ohio St. 283, Brinkerhoff, J., delivering the opinion, observes that the statutes relate solely to the execution and recording of the mortgage, and that it is settled that a mistake in these respects can not be corrected, but adds: “As to all mistakes and defects of the instrument, in .other respects, the statutes are entirely silent, and upon them the decisions which have been made upon questions arising under these statutes have no bearing.”
In each of the cases cited by counsel for the plaintiff in error there was a defect in the execution of the mortgage. In Barry v. Hovey, 30 Ohio St. 347, the mortgage had but one witness. In White v. Denman, 16 Ohio, 60, there was but one subscribing witness. In Erwin v. Shuey, 8 Ohio St. 511, there was no seal. In Bloom v. Noggle, 4 Ohio St. 46, there was only an agreement for a mortgage. In Johnston v. Haines, 2 Ohio, 55, the official character of the officer taking the acknowledgment had been omitted, and nothing appeared on the face of the acknowledgment by which this could be supplied.
In Smith v. Hunt, 13 Ohio, 260, the name of the grantor was left blank in the certificate of acknowledgment, and -did not, as in this case, refer to him as the above named grantor.
Our conclusion is that the mortgage executed by Clark *178 and wife to Schuler and wife became a valid lien on the property from the time it was delivered for record, and was, therefore, prior in lien to the one subsequently executed by them to Dodd.

Judgment affirmed,.